# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**STACY SIBLEY**                                                                          **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO: 3:08-cv-00556-HTW-LRA**

**JACKSON STATE UNIVERSITY**                                   **DEFENDANT**

## ORDER GRANTING SUMMARY JUDGMENT

Before this court is a motion for summary judgment filed by Jackson State University of Jackson, Mississippi, contending that plaintiff's sole remaining claim should be dismissed with prejudice. Plaintiff Stacy Sibley, a former employee of defendant Jackson State University, filed this civil rights lawsuit against her former employer asserting a violation of Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. § 2000e, *et seq*., and Title 42 U.S.C. §1981,[1] as amended by the Civil Rights Act of 1991.[2] In her complaint, plaintiff alleges that she was terminated by Jackson State University in retaliation for filing a charge with the Equal

---

[1] Title 42 U.S.C. §1981 provides in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

[2] The Civil Rights Act of 1991 is a United States statute that was passed in response to a series of United States Supreme Court decisions which limited the rights of employees who had sued their employers for discrimination. The Act represents the first effort since the passage of the Civil Rights Act of 1964 to modify some of the basic procedural and substantive rights provided by federal law in employment discrimination cases. It provides for the right to trial by jury on discrimination claims and introduced the possibility of emotional distress damages, while limiting the amount that a jury could award. *See e.g.,* Title 42 U.S.C. §1981(b).

Employment Opportunity Commission ("EEOC") against the institution. This federal court has subject matter jurisdiction over this dispute under federal question jurisdiction pursuant to Title 28 U.S.C. § 1331.[3] Now, after all discovery has been completed, defendant Jackson State University, pursuant to Rule 56(b) and (c) of the Federal Rules of Civil Procedure,[4] attacks the legal sufficiency of plaintiff's claim. For the reasons which follow, this court hereby grants defendant's motion.

## **Findings of Fact**

Plaintiff Stacy Sibley, female, was employed by defendant Jackson State University, Jackson, Mississippi, ("Jackson State") as a Security Officer in the Department of Public Safety in June, 2005. Jackson State University is one of Mississippi's institutions of higher learning.[5]

---

[3] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[4] Federal Rule of Civil Procedure 56(a) reads as follows:

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

> Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

> Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[5] Miss. Code Ann. § 25-65-5(a) provides in pertinent part that a "[u]niversity" means and includes Alcorn State University, Delta State University, Jackson State University, Mississippi State University, Mississippi State University Agriculture and Forestry Experiment Station, Mississippi University Cooperative Extension Service, Mississippi State University Forest and Wildlife Research Center, Mississippi State University State Chemical Laboratory, Mississippi University for Women,

2

During her employment with Jackson State, Sibley never had an employment contract with Jackson State and was an at-will employee.

Employees in the Department of Public Safety are expected to obey the various guideposts set out in the Department's Rules and Regulations Handbook. This handbook specifically forbids sleeping while on duty. Further, the handbook prescribes that an offender may be dismissed (terminated) immediately.

In September, 2005, Sibley was caught sleeping while on duty. After the incident, Sibley was advised that such an infraction was just cause for termination and that further violations would result in further disciplinary action. Nevertheless, on March 30, 2006, Sibley again was observed by her supervisor sleeping while on duty. Sibley admitted in a voluntary statement that she was in fact sleeping while on duty. On June 22, 2006, only three months later, plaintiff again was observed sleeping while on duty.

Following this third violation on July 6, 2006, the Department recommended that Sibley's employment be terminated. On July 27, 2006, Sibley was advised on the decision to terminate her employment.

Prior to July 27, 2006, on or about July 17, 2006, some ten days before Sibley was advised of her termination, but while the recommendation for her termination was circulating up the administrative chain, Sibley filed a Charge of Discrimination with the EEOC. Sibley withdrew that charge.

On January 27, 2007, Sibley filed a second Charge of Discrimination with the EEOC alleging that she had been terminated in retaliation for filing the first EEOC Charge of Discrimination. That first charge had been filed, remember, on July 17, 2006. On or about April

---

Mississippi Valley State University, The University of Mississippi, University of Mississippi Medical Center and the University of Southern Mississippi."

23, 2008, the EEOC issued Sibley a right-to-sue letter.

On July 21, 2008, Sibley filed the instant Complaint against Jackson State. In her Complaint, plaintiff alleges she was terminated in retaliation for filing an EEOC charge. Plaintiff also asserted various state law claims -- tort of outrage, breach of contract and intentional infliction of emotional distress -- against Jackson State. She also requested punitive damages against Jackson State.

## Summary Judgment Jurisprudence

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## Plaintiff's State Law Claims

In her complaint, plaintiff accuses Jackson State of having committed the tort of outrage, breach of contract and intentional infliction of emotional distress. To be actionable, these claims must be permitted by the Mississippi Tort Claims Act ("MTCA").[6] Plaintiff concedes that her state law claims against Jackson State are barred by the MTCA. Plaintiff also concedes that she may not recover punitive damages against Jackson State, a governmental entity.

## Retaliation Claim

The remaining claim before the court is plaintiff's retaliation claim. Plaintiff asserts that her employment was terminated in retaliation for filing her first EEOC Charge of Discrimination.

In order to establish a *prima facie* case of retaliation under Title VII, a plaintiff must show: (1) she engaged in protected activity; (2) action was taken by the employer against the

---

[6] See Miss. Code Ann. § 11-46-1 *et seq.,*

plaintiff that a reasonable employee would consider materially adverse; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415 (2006); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004); *Roberson v. Alltel Info. Sys.*, 373 F.3d 647, 655 (5th Cir. 2004).

No party disputes that Sibley engaged in activity protected by Title VII by complaining of alleged sex discrimination in her first submission to the EEOC. Further, no party disputes that Sibley was terminated by Jackson State. What Sibley must show is a causal connection between the protected activity and the adverse employment action. This, she cannot do.

The process to terminate Sibley's employment began on July 6, 2006. Sibley's first Charge of Discrimination was filed with the EEOC on July 14, 2006. The Department's recommendation for Sibley's termination moved without incident through the administrative system. Understandably so, Sibley had been caught three times sleeping on duty. Sibley then cannot establish that Jackson State was not forthright in seeking her termination on this ground of sleeping on duty.

Nor can plaintiff establish a *prima facie* case of retaliation by showing that <u>similarly situated</u> persons had not been terminated by Jackson State. Plaintiff is unable to identify anyone not terminated who had been found asleep while on duty on three separate occasions.

From the above discussion, this court finds as a matter of law that Jackson State has established that plaintiff was terminated for a legitimate, non-retaliatory reason, sleeping while on duty. The court further finds that Sibley has failed to demonstrate that Jackson State's proffered reason for terminating her employment was mere pretext for discrimination.

## **Conclusion**

Having studied the briefs of counsel and having examined the evidence, this court

5

concludes that defendant Jackson State has carried its burden under Rule 56. Therefore, this court grants defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and dismisses plaintiff Sibley's claims with prejudice. In accordance with the local rules, the court will enter a final judgment.

        **SO ORDERED AND ADJUDGED, this the 22nd day of March, 2010.**

                                  **s/ HENRY T. WINGATE**
                                  **CHIEF JUDGE**
                                  **UNITED STATES DISTRICT COURT**

Civil Action No. 3:08-cv-556 HTW-LRA
Order Granting Summary Judgment